CARROLL, Judge.
This is an appeal by the plaintiff below from an adverse summary judgment. Contentions on appeal are that the court erred (1) in granting summary judgment for the defendant, and (2) in entering judgment for certain costs.
On July 5, 1963, organizers of the appellant corporation Byers Fontainebleau Travel Service, Inc. entered into a lease, in the name of the corporation, with the appellee Fontainebleau Hotel Corp., granting the lessee the exclusive right to maintain and conduct a “Transportation Desk and Travel Office” in the hotel for a term of one year (which commenced November 1, 1963), with provision for extension by agreement for a longer period on the same terms. The lessee paid a consideration of $10,000 for the initial one year term.
On April 3, 1964, the hotel directed a letter to the lessee corporation advising that performance of the lessee was unsatisfactory, giving notice of intention to cancel the lease and calling for immediate surrender by lessee of its transportation desk and travel office. The lessee responded, through a letter by its attorney dated April 28, 1964, pursuant to which it removed, on the charge and ground that the hotel had breached the lease.[1]
On April 29, lessee filed this action against the hotel corporation for damages for breach of the lease, alleging the hotel from the outset had competed with the plaintiff in violation of its exclusive rights and otherwise had hindered plaintiff’s operation. A motion by defendant to dismiss the complaint for failure to state a cause of action was denied. The defendant answered, denying the alleged breach and averring certain facts relied on to establish breach of the lease by the lessee. Defendant moved for and obtained a summary judgment. To refute a contention made by the defendant that the lease entered into in the name of the lessee corporation on July S, 1963, was ineffective because made prior to incorporation of the lessee (on July 26, 1963), the plaintiff on petition on rehearing submitted a resolution by the corporation on July 30, 1963, purporting to show ratification of the acts of the incorporators. The rehearing petition was denied.
On consideration of the record consisting of the pleadings and depositions, and of the briefs of the parties, we are of the view it was error to hold there were no genuine issues of material fact and that the defendant was entitled to judgment as a matter of law. We agree with the argument of appellant’s attorney that the evidence which the depositions presented fell far short of eliminating or disposing of triable issues in the case, relating to breach of contract with which each party charged the other and as to whether the lessee corporation by resolution or otherwise had *529 ratified the lease made in its name prior to incorporation.
Accordingly the summary judgment appealed from is reversed, and the cause is remanded for trial
Reversed and remanded.

. “This is to advise you that because of the -wilful breach and continued violations of the express terms and conditions of the Lease Agreement dated July 5, 1963, by Fontainebleau Hotel, and its acts and doings which have rendered it impossible for Byers Fontainebleau Travel Service, Inc., to perform any further the terms -dud conditions imposed upon it, that its said business has been wrecked and ruined, and in compliance with the request and demand contained in your letter of April 3, 1964, Byers Fontaine-bleau Travel Service, Inc., has this day and does hereby surrender the office space and facilities, including the transportation desk and the travel office in the Hotel.”